TUCKER, P.
It was said by this court in the. case of Lane v. Tidball, Gilm. 130, that a trustee, in the exercise of his duty as an impartial agent of both parties, may apply to a court- of equity., to adjust the actual sum which is to be raised by the sale, and that if he should fail to do so, the party injured by his default has an unquestionable right to do it. This, indeed, would *seem to be an axiom in the law. Until the amount of the creditor’s demand is adjusted, he cannot resort to compulsory means to enforce the payment. Even the judgments of a court of justice have no validity, and can be enforced by no execution, where they leave the amount of the demand uncertain, and depending for ascertainment upon subsequent adjustment. A fortiori, these judgment bonds, as they have been not unaptly called, tq which, when the debt is certain, we have given, perhaps unwisely, the .force of judgments, ought not to be regarded in that light, where they do not fix, distinctly and definitely, the amount of .the demand. In all such cases, the deed of trust has but the effect of a mortgage. It secures the debt indeed, . but it vests no power in the creditor, or in his trustee, to enforce payment, except through the agency of the courts, unless the amount be voluntarily adjusted by the agreement of the parties. However unreasonable the debtor may be in refusing to settle, his vexations and ■litigious spirit can yet give no right to the creditor to take the law into his own hands, by proceeding to execute the trust. It is his duty to seek from the tribunals of justice, the settlement of his accounts; and when that has been effected the enforcement of the trust will become lawful, but not till then.
The present .case. comes fully, I think, within the influence of these principles. It is very clear, that the deed of trust of November 1838 was given without definitively fixing the amount of the demand. It does not appear, that there was any adjustment of it between the dates of the first and the second, deed of trust of August 1839. And the latter deed, though not in terms so strong, as the former, speaks of the debt to mrs. Gordon as “in and about 2000 dollars;” and that to Lane’s distributees as “in and about 1800 dollars;” still leaving uncertain the actual amounts due. The last has been confessedly reduced to 750 dollars. And thus we *have an evidence how little confidence is to be placed .in the expressions “in and about,” as fixing the true amount of the demand. Moreover, long since the deed of August 1839 the parties say they were willing to go into a full account, and to allow any offsets which could be proved; thus sufficiently-admitting that there was nothing definite as to the amount of debt, in the deed of trust. They allege, indeed, that Wilkins prevaricated, and very probably he did; but this, though good cause for suing him, was no justification of an attempt to sell the trust subject, without an appeal to the tribunals of justice to compel a settlement. There was, then, ample ground for the injunction; and as the state of the case is not changed materially since filing the bill, and as the accounts are still. in the same state of uncertainty as before, I think the injunction was improperly dissolved. .Accounts ought to have been directed embracing not only the accounts *715 between Wilkins and Gordon & wife, but the account of administration of the estate of James Corbin, of whom Wilkins’s intestate Corbin Lane was a distributee. The account of Wilkins with Peay in his own right, and as representing Lane’s other distributees, should also be settled, and proper refunding bonds decreed, before action on the deed of trust is permitted.
The other judges concurred. Decree, that the circuit superior court ought not to have dissolved the injunction, without having first directed a settlement, of the proper accounts, namely, not only the accounts of Wilkins with Gordon and wife, but the accounts of the administration of the estate of James Corbin, of whom Wilkins’s intestate Corbin Lane was a distributee,. and the account of Wilkins with Peay in his own right and as representing Lane’s other distributees; and then directing proper refunding bonds to be given: therefore, decree reversed with costs, the injunction reinstated, and the cause remanded for further proceedings.